UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mateo Morales,

Petitioner,

v.

United States of America,

Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 01-525 ADM
Criminal No. 99-229(3) ADM/AJB

---

Mateo Morales appeared *pro se*.

Jeffrey Paulsen, Esq., Assistant United States Attorney, Minneapolis, Minnesota, on behalf of Respondent United States of America.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge pursuant to Petitioner Mateo Morales' ("Petitioner") Motion to vacate, set aside, grant a new trial, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 225]. Petitioner contends that the drug statute under which he was convicted, 21 U.S.C. § 801 et. seq., is an unconstitutional exercise of Congress' lawmaking authority. In Opposition to Petitioner's § 2255 Motion [Doc. No. 228], Respondent United States of America ("Respondent") argues that because drug activity affects interstate commerce, the statute is a legitimate exercise of the Commerce Clause power. Petitioner's Motion is denied.

FILED JUN 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

## II. BACKGROUND

A jury found Petitioner guilty of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). As a career offender, Petitioner was sentenced to 360 months imprisonment. Petitioner appealed and the Eighth Circuit affirmed his conviction. *See United States v. Anderson, et al.*, 236 F.3d 427 (8th Cir. 2001).

## III. DISCUSSION

Petitioner styled the present Motion as a Petition for Right of Review Pursuant to 5 U.S.C. § 702 [Doc. No. 225]. Because Petitioner is attacking his conviction and sentence on constitutional grounds, his motion is properly classified as a § 2255 Motion. The legislative history reveals that Congress intended § 2255 to afford federal prisoners a remedy identical in scope to federal habeas corpus. *Davis v. United States,* 417 U.S. 333, 343-44 (1974); *accord United States v. Hayman,* 342 U.S. 205, 219 (1952) ("[T]he sole purpose [of section 2255] was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum."). The question of whether Petitioner is imprisoned based on a conviction of a crime created under an unconstitutional act of Congress may be addressed through a writ of habeas corpus. *See Ex Parte Siebold,* 100 U.S. 371 (1879).

Respondent notes that Petitioner did not raise the present constitutional issue either at trial or on his direct appeal. Generally, a prior opportunity for full and fair litigation is dispositive of a federal prisoner's petition for collateral review of a conviction. If the claim was raised and rejected on direct appellate review, the reviewing court will not readjudicate it absent countervailing equitable considerations. Conversely, if the claim was not raised, it is procedurally defaulted and the reviewing court will not adjudicate it absent countervailing

equitable considerations, such as actual innocence or cause and prejudice. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *United States v. Frady*, 456 U.S. 152 (1982). Accordingly, the general principal is that "the writ of habeas corpus will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947).

There are exceptions to this general rule. *See United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir. 2000). On collateral review, a petitioner may pursue a certain type of claim that has been defined as a challenge to the trial court's jurisdiction. *Id.*; *see United States v. Broce*, 488 U.S. 563, 575 (1989) (collateral attack is permissible "where on the face of the record the court had no power to enter the conviction or impose the sentence"); *Menna v. New York*, 423 U.S. 61, 62-63 n. 2 (1975) (per curiam); *Blackledge v. Perry*, 417 U.S. 21, 30 (1974). A claim that a statute is facially unconstitutional falls within this exception. *See Sodders v. Parratt*, 693 F.2d 811, 812 (8th Cir. 1982) (holding guilty plea does not foreclose attack on constitutionality of criminal statute under which defendant was charged); *United States v. Johnston*, 199 F.3d 1015, 1019 n. 3 (9th Cir. 1999). Indeed, the facial constitutional challenge exception is deep-rooted. *Morgan*, 230 F.3d at 1071 (concurring opinion); *see Broce*, 488 U.S. at 574-76; *Haring v. Prosise*, 462 U.S. 306, 319-22 (1983); *Menna*, 423 U.S. at 62 n.2; *Blackledge*, 417 U.S. at 29-30; *Siebold*, 100 U.S. at 376. The Supreme Court stated:

> [T]he question raised in the cases before us is proper for consideration on *habeas corpus*. The validity of the judgments is assailed on the ground that the acts of Congress under which the indictments were found are unconstitutional. If this position is well taken, it affects the foundation of the whole proceedings. An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment.

*Siebold,* 100 U.S. at 376-77. Petitioner's constitutional challenge to the drug statutes under which he was convicted is not procedurally barred by his failure to raise it on direct appeal.

The crucial question here is whether Congress exceeded its lawmaking powers under the Constitution. It did not. The Commerce Clause of the U.S. Constitution, Art. I, § 8, cl. 3, expressly grants Congress the power to "regulate Commerce ... among the several States." When enacting the Comprehensive Drug Abuse Prevention and Control Act, Congress made specific findings and declarations that local narcotics activity substantially affects interstate commerce. *See* 21 U.S.C. § 801. Congress passed the Act pursuant to its Commerce Clause power.

The Eighth Circuit has held that "intrastate drug activity affects interstate commerce and that Congress may regulate both intrastate and interstate drug trafficking under the Commerce Clause." *United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998). Indeed, every circuit to consider post-*Lopez*[1] challenges to the Comprehensive Drug Abuse Prevention and Control Act has upheld the Act as a valid exercise of Congress' authority under the Commerce Clause. *See United States v. Walker*, 142 F.3d 103, 111 (2d Cir. 1998); *United States v. Westbrook,* 125 F.3d 996, 1009 (7th Cir. 1997); *United States v. Edwards,* 98 F.3d 1364, 1369 (D.C. Cir. 1996); *United States v. Orozco,* 98 F.3d 105, 107 (3d Cir. 1996); *United States v. Kim,* 94 F.3d 1247,

---

[1] In *United States v. Lopez,* 514 U.S. 549, 558-559 (1995), the Supreme Court identified "three broad categories of activity that Congress may regulate under its commerce power": (1) channels of interstate commerce; (2) instrumentalities of interstate commerce, or persons and things in interstate commerce; and (3) activities that "substantially affect" interstate commerce. Twice in the past six years the Supreme Court has reaffirmed the proposition that although the grant of authority to Congress under the Commerce Clause is broad, it is not unlimited. *See United States v. Morrison,* 529 U.S. 598 (2000); *Lopez,* 514 U.S. 549.

1249-50 (9th Cir. 1996); *United States v. Rogers,* 89 F.3d 1326, 1338 (7th Cir. 1996); *United States v. Lerebours,* 87 F.3d 582, 584-85 (1st Cir. 1996); *United States v. Wacker,* 72 F.3d 1453, 1475 (10th Cir. 1995); *United States v. Clark,* 67 F.3d 1154, 1166 (5th Cir. 1995), *vacated on other grounds,* 519 U .S. 802 (1996); *United States v. Leshuk,* 65 F.3d 1105, 1111-12 (4th Cir. 1995). Congress exercised its power under the Commerce Clause when it enacted 21 U.S.C. §§ 841 and 846.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to vacate, set aside, grant a new trial, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 225] is **DENIED**.[2]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: June 12, 2001

[2] Petitioner's Motions to correct the record [Doc. Nos. 227, 231] are **DISMISSED**.